

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

**John Erhinyo**
*Plaintiff*

Case No. 3:25-cv-1308-mmH-SJH

v.

**Google LLC**
*Defendants.*

COMPLAINT FOR DAMAGES  FOR THE UNLAWFUL DELETION OF
PLAINTIFF'S PROPRIETARY TRADE SECRET

INTRODUCTION

**1.** This is a civil action seeking to recover damages arising from the
unauthorized, unlawful, and permanent destruction of valuable
proprietary trade secrets belonging to the Plaintiff by the Defendant,
Google LLC.

**2.**      Defendant Google LLC, acting as a custodian of the Plaintiff's
electronic data, accessed and permanently deleted the Plaintiff's

proprietary technology folder, designated **"AB3500PMS,"** from the Plaintiff's Google Drive account in **January 2023**.

**3.** This destruction occurred either by the Defendant's personnel or by federal agents utilizing access granted by the Defendant, and was carried out without a valid and contemporaneously executed court order authorizing any such deletion.

**4.** The folder contained the complete body of work for a breakthrough technology prototype—a definitive trade secret and the most valuable asset of the Plaintiff's company, ALLBEAMS INC.

**5.** Despite having actual knowledge of the legal limits placed on its cooperation with law enforcement, the Defendant negligently or intentionally exceeded the scope of its duties and authority under federal and state law, including the Stored Communications Act (18 U.S.C. § 2703), which governs disclosure and preservation, not destruction of electronic data.

**6.** The Defendant's unauthorized access and deletion of Plaintiff's trade secrets and confidential data constitute violations of the Defend Trade Secrets Act (18 U.S.C. § 1836 et seq.) and the Stored Communications Act (18 U.S.C. § 2701 et seq.), and further give rise to common law torts under Florida law, including Conversion and Negligence.

**7.** As a direct and proximate result of the Defendant's unauthorized destruction of the Plaintiff's core intellectual property, the Plaintiff has suffered and continues to suffer massive economic losses, including the loss of anticipated profits and the total value of the proprietary technology, with damages exceeding one hundred million dollars ($100,000,000)

**8.** Plaintiff brings this action to obtain compensatory damages, statutory damages, attorney's fees, and all other relief to which he is entitled.

JURISDICTION AND VENUE

**9.** This Court has jurisdiction over this action pursuant to the following federal statutes:

**a.** Federal Question Jurisdiction (28 U.S.C. § 1331): This Court has original jurisdiction over the claims arising under the laws of the United States, including, but not limited to, the **Defend Trade Secrets Act (18 U.S.C. § 1836 et seq.)** and the **Stored Communications Act (18 U.S.C. § 2701 et seq.)**, as those violations are alleged in the Counts below.

**b.** Diversity Jurisdiction (28 U.S.C. § 1332(a)(1)): This Court has alternative original jurisdiction because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

   - Plaintiff John Erhinyo is a citizen of the State of Florida.

- Defendant Google LLC is a limited liability company organized under the laws of the State of Delaware. Its sole member is XXVI Holdings Inc., a Delaware corporation with its principal place of business in California. Google LLC is therefore a citizen of Delaware and California for diversity purposes.

**10.** This Court has supplemental jurisdiction (28 U.S.C. § 1367) over Plaintiff's related state law claims for Conversion and Negligence, which arise from the same unauthorized access and deletion of Plaintiff's trade secrets and confidential data that form the basis of the federal claims under the Defend Trade Secrets Act and the Stored Communications Act.

**11.** Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred within this district, including, but not limited to:

**a.** The Plaintiff's possession, creation, and loss of the proprietary files occurred while operating within this District.

**b.** The economic injury to the Plaintiff and ALLBEAMS INC. was suffered within this District.

**c.** The communications from the Defendant (including the initial notification email, the redacted search warrant, and the subsequent refusal to answer) were received by the Plaintiff in this District.

**12.** Defendant Google LLC is subject to specific personal jurisdiction in this District because:

(a) Plaintiff is a Florida resident who stored his trade secrets and confidential data on Google's Florida-accessible cloud services (including Google Drive and Gmail).

(b) Google purposefully directed its tortious conduct — including the unauthorized access and deletion of Plaintiff's data — at Plaintiff in Florida; and

(c) Plaintiff's injuries arose directly from Google's actions targeting his Florida-based accounts, satisfying Florida's long-arm statute (§ 48.193(1)(a)(2), Fla. Stat.) and federal due process.

## PARTIES

**13. Plaintiff JOHN ERHINYO** is a citizen of the United States and a resident of Jacksonville, Florida. Mr. Erhinyo is the founder of ALLBEAMS INC., a company specialized in the research and development of advanced SATCOM Antenna Systems. Mr. Erhinyo is the legal owner of the proprietary trade secrets and intellectual property that were unlawfully deleted by the Defendant, and he brings this action on his own behalf and on behalf of his interests in ALLBEAMS INC.

**14. . Defendant GOOGLE LLC** is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Mountain View, California. Its sole member is XXVI Holdings Inc., a Delaware corporation with its principal place of business in California. Google LLC is therefore a citizen of Delaware and California for diversity jurisdiction purposes.

**15.** Google LLC provides cloud storage, email, and data management services (including Google Drive and Gmail) to consumers and businesses worldwide, including in Florida. It maintained exclusive control over the digital environment where Plaintiff — a Florida resident — stored his trade secrets and confidential data, which Google subsequently accessed and permanently deleted without authorization.

**16.** Google LLC may be served with process through its registered agent in Florida, as designated under Florida law.

**17.** At all relevant times, the actions and omissions alleged herein — including the unauthorized access and deletion of Plaintiff's data — were committed by Google LLC, its employees, agents, or third parties acting under its direction, control, or authorization.

## FACTUAL ALLEGATIONS

**18.** In **October 2022**, Defendant Google LLC received and responded to a federal legal process—specifically, a Search Warrant (**Case No. 3:22-mj-1422-PDB**) issued by the United States Department of Homeland Security (DHS). This warrant compelled the release of information related to Plaintiff's Google account.

**19.** The Search Warrant was to be executed **on or before October 7, 2022**. It included a Gag Order prohibiting the disclosure of the search to Plaintiff until after February 2, 2023.

**20.** In **January 2023**, immediately following a raid on Plaintiff's home and office by agents from the FBI and DHS (HSI), Plaintiff discovered that a stored proprietary folder, **"AB3500PMS,"** had been **permanently deleted** from his Google Drive account.

**21.** This deleted folder contained the complete body of work for Plaintiff's breakthrough technology prototype, including electrical design files, mechanical design files, and manufacturing and assembly files. All contents of the folder constituted **trade secrets** for Plaintiff's company, ALLBEAMS INC.

**22.** The permanent, unauthorized deletion of the "AB3500PMS" prototype folder caused severe economic loss to Plaintiff and ALLBEAMS INC. The prototype was projected to generate enormous revenue by offering a unique, non-existent solution to multiple significant market pain-points.

**23.** On **April 18, 2024—14 months** after the Gag Order expiration date and approximately 15 months after the deletion—Defendant Google contacted Plaintiff via email to first disclose the legal process that had taken place regarding the account. (See **Exhibit A1**).

**24.** Plaintiff replied, specifically seeking clarity on who authorized the deletion of the proprietary folder and other files from his Google Drive account. Defendant refused to provide a direct answer. Instead, Google emailed Plaintiff a heavily redacted copy of Search Warrant 3:22-mj-1422-PDB on April 2, 2025 (See **Exhibit B**), along with the cryptic phrase, "In accordance with applicable law, including **18 U.S.C. § 2703**, Google has responded to the legal process". (See **Exhibit A2**)

**25.** Upon inspection of the Defendant-provided warrant, Plaintiff noted that the execution window was **October 4–October 7, 2022**. This timeframe is well outside the late January 2023 folder deletion, especially considering the folder was uploaded by Plaintiff in early January 2023. This demonstrates the deletion occurred either by the Defendant or by federal agents with access provided by the Defendant, months after the warrant had expired.

**26.** Furthermore, the Defendant's citation of **18 U.S.C. § 2703** is significant because that federal statute is strictly limited to the **disclosure and preservation** of stored electronic and communication records, and does not authorize the destruction and deletion of a user's proprietary information.

**27.** On **May 5, 2025**, in preparation for filing a Federal Tort Claims Act (FTCA) action, Plaintiff again emailed the Defendant, asking for explicit clarification regarding the authorization to delete the "AB3500PMS" proprietary folder. Defendant never responded to this request.

**28.** On **September 8, 2025**, this Court ordered the unsealing of all court-issued documents pertaining to Plaintiff (See **Exhibit C**). These unsealed documents confirmed that **no court-issued warrant** or subsequent order was ever presented to the Defendant authorizing the deletion of the proprietary folder stored in Plaintiff's Google Drive account.

**29.** In **September 2025,** Plaintiff contacted the Defendant twice (via its registered agent in Florida) with a proposal to settle the damages caused by the unlawful deletion of the Plaintiff's proprietary folder outside of court (See **Exhibit D**). The Defendant has refused to respond to these settlement proposals as of the filing date of this Complaint.

TIMELINESS OF ACTION

**30.** The unlawful deletion of Plaintiff's proprietary folder by Google LLC constitutes a continuing tort under Florida and federal law. Plaintiff remains permanently deprived of his trade secrets and business property — a harm that compounds daily through lost opportunities, revenue, and competitive advantage.

**31.** Although Plaintiff first observed in January 2023 that his proprietary Google Drive folder labeled "AB3500PMS" had been deleted, he was then under the reasonable impression that the deletion might have been executed pursuant to lawful process. The factual basis establishing that no court order ever authorized deletion did not become available until

September 8, 2025, when the U.S. District Court unsealed all related search-and-seizure warrants and accompanying affidavits.

Under the Defend Trade Secrets Act, a civil action must be brought within three years after the misappropriation is discovered or reasonably should have been discovered. 18 U.S.C. § 1836(d). A federal claim accrues when the plaintiff knows or has reason to know of the injury and its unlawful cause. *See* Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003). Because Plaintiff could not have known that the deletion was unauthorized until the warrants were unsealed, this action—filed within months of that revelation—is timely.

## CAUSES OF ACTION

### Count I – Violation of the Stored Communications Act (SCA)
### 18 U.S.C. § 2701 et seq.

**32.** Plaintiff realleges and incorporates by reference all preceding paragraphs.

**33.** Defendant Google LLC, at all times relevant hereto, was and is a provider of electronic communication service ("ECS") and remote computing service ("RCS") as defined in 18 U.S.C. § 2510(15) and § 2711(2).

**34.** Plaintiff's Google Drive account constituted electronic storage and a facility through which ECS and RCS were provided.

**35.** On or about January 2023, Defendant Google LLC, through its employees, agents, or those acting in concert with it, intentionally exceeded authorized access to the facility and thereby prevented Plaintiff's authorized access to his electronic communication and data, specifically the proprietary prototype folder designated "AB3500PMS."

**36.** This access and deletion was conducted without valid court authorization, as the prior court order of October 2022 (3:22-mj-1422-PDB) was limited in scope, expired, and did not authorize permanent destruction of Plaintiff's intellectual property.

**37.** Defendant Google LLC's actions were willful and intentional, in direct violation of 18 U.S.C. § 2701(a).

**38.** As a direct and proximate result of Defendant Google LLC's violation, Plaintiff has suffered and continues to suffer actual damages in an amount to be proven at trial, and is entitled to recover statutory damages of not less than $1,000, punitive damages, and reasonable attorney's fees pursuant to 18 U.S.C. § 2707(c).

## Count II – Misappropriation Under the Defend Trade Secrets Act (DTSA) 18 U.S.C. §1836 et seq.

**39.** Plaintiff realleges and incorporates by reference all preceding paragraphs.

**40.** The designs, plans, formulas, and technical information in the "AB3500PMS" folder constituted trade secrets under 18 U.S.C. § 1839(3), deriving independent economic value from not being generally known and subject to reasonable secrecy measures by Plaintiff.

**41.** The trade secrets related to a product intended for use in interstate and foreign commerce.

**42.** Defendant Google LLC misappropriated Plaintiff's trade secrets by:
  (a) acquiring them through improper means (unauthorized access); and/or
  (b) using them without consent by permanently deleting the folder to deny Plaintiff access and conceal prior theft.

**43.** The deletion was willful and malicious, intended to suppress Plaintiff's company and benefit a competitor.

**44.** As a direct and proximate result of Defendant Google LLC's willful and malicious misappropriation, Plaintiff has suffered actual loss (destruction of the "AB3500PMS" prototype designs) and lost business opportunities in an amount to be proven at trial, but not less than $100,000,000, and is entitled to recover:
  (i) damages for actual loss and unjust enrichment (18 U.S.C. § 1836(b)(3)(B)).

(ii) exemplary damages up to two times the above (18 U.S.C. § 1836(b)(3)(C)); and

(iii) reasonable attorney's fees and costs (18 U.S.C. § 1836(b)(3)(D)).

## Count III – CONVERSION (Florida Common Law)

**45.** Plaintiff realleges and incorporates by reference all preceding paragraphs.

**46.** Plaintiff owned and had a possessory interest in the proprietary folder and its contents (the "Property"), stored on Google Drive.

**47.** Google intentionally and wrongfully exercised dominion and control over the Property by permanently deleting it without Plaintiff's consent or legal authority.

**48.** The deletion was a substantial interference with Plaintiff's property rights.

**49.** As a direct result, Plaintiff has been deprived of the Property and suffered damages in an amount to be proven at trial.

**50.** This claim arises from the destruction of digital property, not from misappropriation of trade secrets, and is therefore **not preempted** by the Defend Trade Secrets Act.

## Count IV – NEGLIGENCE (Florida Common Law)

**51.** Plaintiff realleges and incorporates by reference all preceding paragraphs.

**52.** Google owed Plaintiff a duty of care — as a cloud service provider — to safeguard and not delete user data without proper authorization, notice, or court order.

**53.** Google breached this duty by deleting Plaintiff's folder without verification, consent, or legal process.

**54.** The breach was a direct and proximate cause of Plaintiff's loss of the folder and its contents.

**55.** As a result, Plaintiff suffered actual damages in an amount to be proven at trial.

**56.** This claim arises from breach of duty and destruction of property, not from misappropriation of trade secrets, and is therefore **not preempted** by the Defend Trade Secrets Act.

## DAMAGES

**57.** As a direct and proximate result of Defendant Google LLC's unlawful conduct, Plaintiff has suffered compensatory damages in the principal amount of $100,000,000 (One Hundred Million Dollars), itemized as follows:

| Category | Amount |
|---|---|
| (a) **Value of destroyed intellectual property** (trade secrets, designs, and prototype data in the "AB3500PMS" folder) | $50,000,000 |
| (b) **Lost market opportunity and projected revenue** | $30,000,000 |
| (c) **Business collapse and reputational injury** (dissolution of operations, loss of goodwill, and industry exclusion) | $15,000,000 |
| (d) **Emotional distress and related harm** | $5,000,000 |
| **TOTAL COMPENSATORY DAMAGES** | **$100,000,000** |

58. Defendant's conduct was willful, malicious, and in reckless disregard of Plaintiff's rights, entitling Plaintiff to exemplary (punitive) damages in an amount up to two times the compensatory award under 18 U.S.C. § 1836(b)(3)(C) and applicable common law.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

**A.** Enter judgment in favor of Plaintiff and against Defendant Google LLC in the amount of **$100,000,000** in compensatory damages, plus **exemplary damages up to $200,000,000**

15

**B.** Issue a preliminary and permanent injunction requiring Defendant to: (i) preserve and produce all logs, backups, and metadata related to the deleted folders within **7 days**; (ii) disclose any third-party recipients of the misappropriated information.

**C.** Award reasonable attorney's fees, expert fees, and costs.

**D.** Declare that no parallel proceeding exists and exercise the Court's authority to rule on the immediate request for relief.

**E.** Reserve jurisdiction to enforce any award or settlement.

**F.** Grant such other and further relief as the Court deems just and proper.

**Plaintiff is willing to resolve this dispute through expedited binding arbitration under Google's Terms of Service — provided all federal statutory remedies (including under the DTSA and SCA) remain fully available, non-waivable, and subject to public policy protections.**

JURY DEMAND
Plaintiff demands trial by jury on all issues so triable.

Respectfully Submitted this __30^th__ day of ___OCTOBER___, 2025



_____

16

John Erhinyo

Plaintiff, Pro Se

4455 Confederate Point Road, Apt 12M

Jacksonville, FL 32210

404-246-1383
jerhinyo@allbeamsrf.com