UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN ERHINYO,

    Plaintiff,

vs.                                Case No.  3:25-cv-1308-MMH-SJH

GOOGLE LLC,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court sua sponte. Proceeding pro se, Plaintiff, John Erhinyo, initiated this action on October 30, 2025, by filing a Complaint for Damages for the Unlawful Deletion of Plaintiff's Proprietary Trade Secret (Doc. 1; Complaint). See generally Complaint. Upon review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading."

In the analysis that follows, the Court will discuss some of the problems with the Complaint and provide Erhinyo with the opportunity to file a corrected complaint consistent with the Federal Rules of Civil Procedure (Rule(s)). Erhinyo should carefully review this Order and consider utilizing the resources available for pro se litigants, cited below, before filing his corrected complaint. Failure to comply with the pleading requirements set forth in this Order may result in the dismissal of this action without further notice.

As a preliminary matter, the Court offers some general guidance for Erhinyo as he drafts his corrected complaint. This guidance is not directed at particular deficiencies in the Complaint but instead is intended to be generally useful for Erhinyo as he navigates the complexities of federal practice. While pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "'conform to procedural rules.'" Riley v. Fairbanks Capital Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).[1] The Rules require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "'A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'" Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (quoted authority omitted). Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential

---

[1] All filings with the Court must be made in accordance with the requirements of the Rules and the Local Rules of the United States District Court for the Middle District of Florida (Local Rules(s)). The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available online and in state court law libraries.

In citing to Riley, the Court notes that "[a]lthough an unpublished opinion is not binding … , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted). Rules 8 and 10 work together "'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (quoted authority omitted).

Significantly, a complaint may not run afoul of the Eleventh Circuit's prohibition against shotgun pleading. See generally Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321–23 (11th Cir. 2015) (outlining four broad categories of impermissible shotgun pleadings). The Eleventh Circuit has unequivocally instructed that shotgun pleadings are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable." (collecting cases)). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." Weiland, 792 F.3d at 1321; see, e.g., id. at 1321 n.9 (collecting cases). Striking shotgun pleadings is more than just procedural formalism: as the Court in Cramer

recognized, "[s]hotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. As such, when faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative and force the plaintiff to replead to the extent possible under Rule 11. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

Relevant here, one type of improper pleading occurs where the complaint contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." See Weiland, 792 F.3d at 1321 & n.11 (collecting cases). As a result, "most of the counts . . . contain irrelevant factual allegations and legal conclusions. Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellog Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself

which facts are relevant to a particular cause of action asserted. See id. Here, each count in the Complaint "realleges and incorporates by reference all preceding paragraphs." See Complaint ¶¶ 32, 39, 45, 51. This manner of pleading falls squarely into the first category of impermissible shotgun pleadings. See Barmapov v. Amuial, 986 F.3d 1321, 1325 (11th Cir. 2021) (describing the four general categories of shotgun pleadings) (citing Weiland, 792 F.3d at 1321–23); see also Sarhan v. Miami Dade Coll., 800 F. App'x 769, 771–72 (11th Cir. 2020) (same). Because the Complaint is an impermissible shotgun pleading, the Court will strike the filing and direct Erhinyo to file a corrected complaint. See Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460–61 (11th Cir. 2010) ("The district court has the inherent authority sua sponte to require the plaintiff to file a more definite statement."). In the corrected complaint, Erhinyo must avoid the shotgun pleading deficiency discussed above by refraining from incorporating prior counts in subsequent counts. Failure to comply with the Rules and this Order may result in dismissal of this action without further notice.

Erhinyo is encouraged to consider consulting with a legal aid organization that offers free legal services before filing his corrected complaint. One resource available in Jacksonville is the Legal Information Program offered by the Jacksonville Federal Court Bar Association. To participate in the program, Erhinyo may contact the Clerk's office at (904) 549-1900, and the Clerk will

provide his name and phone number to Jacksonville Area Legal Aid for a lawyer to call him. Accordingly, it is

**ORDERED**:

1. Plaintiff's Complaint (Doc. 1) is **STRICKEN**.

2. Plaintiff shall file a corrected complaint[2] consistent with the directives of this Order on or before **November 26, 2025**. Failure to do so may result in a dismissal of this action.

3. Defendant shall respond to the corrected complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Jacksonville, Florida this 5th day of November, 2025.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

Lc35
Copies to:
Pro Se Party

---

[2] The filing of the corrected complaint does not affect any right Plaintiff may have to amend as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1).

- 6 -