**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JOHN ERHINYO,

Plaintiff,

v. Case No.: 3:25-cv-1308-WWB-SJH

GOOGLE LLC,

Defendant.
_______________________________/

# ORDER

THIS CAUSE is before the Court on Defendant's Motion to Transfer Venue (Doc. 15) and Motion to Dismiss (Doc. 24). Plaintiff filed Responses in Opposition (Doc. Nos. 18, 27). For the reasons set forth herein, the Motion to Transfer Venue will be denied and the Motion to Dismiss will be granted.

## I. BACKGROUND

In October 2022, Defendant Google LLC ("**Google**") received a search warrant pertaining to accounts associated with Plaintiff John Erhinyo's e-mail address. (Doc. 8, ¶ 12; *see also* Doc. 8-2 at 5–10). Several months later, and after the warrant's execution window lapsed, Google deleted a folder Erhinyo had been storing on Google Drive. (Doc. 8, ¶¶ 1, 13, 23). Erhinyo claims that the deleted folder contained "trade secrets and core intellectual property for a breakthrough prototype" he created. (*Id.* ¶ 2; *see also id.* ¶¶ 5, 14, 28). He therefore alleges that Google (1) unlawfully accessed his stored communications in violation of the Stored Communications Act, 18 U.S.C. § 2701; (2) misappropriated his trade secrets in violation of the Defend Trade Secrets Act ("**DTSA**"),

18 U.S.C. § 1836; and committed (3) conversion and (4) negligence under Florida law. (*See generally* Doc. 8).

Use of Google Drive is governed by Google's Terms of Service ("**Terms**"), which state that users agree to accept the Terms by using or accessing Google's services. (Doc. 15-1 at 2–3, 6, 27).[1] Between January 5, 2022, and May 21, 2024, the Terms provided that

> California law will govern all disputes arising out of or relating to these terms, service-specific additional terms, or any related services, regardless of conflict of laws rules. These disputes will be resolved exclusively in the federal or state courts of Santa Clara County, California, USA, and you and Google consent to personal jurisdiction in those courts.

(*Id.* at 38; *see also id.* at 3). Consistent with the above, Google moves to transfer venue to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a). Additionally, Google moves to dismiss the Amended Complaint for lack of standing and for failure to state a claim.

## II. LEGAL STANDARD

### A. Motion to Transfer Venue

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The Supreme Court has held that the application of § 1404(a) principles is the appropriate means by which to analyze a valid forum-selection clause requiring transfer

[1] In discussing Google's Motion to Transfer Venue, the Court considers the Declaration of Athas Nikolakakos (Doc. 15-1), Group Product Manager for Google, as well as the Terms attached thereto. *See Bachstein v. Discord, Inc.*, 424 F. Supp. 3d 1154, 1156 n.1 (M.D. Fla. 2019) ("On a motion to transfer venue, the Court is permitted to consider materials outside the pleadings." (quotation omitted)).

to another federal district court. *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 59 (2013). Furthermore, "a proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" *Id.* at 59–60 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)). Therefore, "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Id.* at 62 (footnote omitted).

At the outset, a district court must determine whether the forum-selection clause sought to be enforced is valid. *See Loeffelholz v. Ascension Health, Inc.*, 34 F. Supp. 3d 1187, 1190–91 (M.D. Fla. 2014). "Forum-selection clauses are presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances." *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009). "Consideration of whether to enforce a forum selection clause in a diversity jurisdiction case is governed by federal law . . . not state law." *P & S Bus. Machs., Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003). "A forum-selection clause will be invalidated when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Krenkel*, 579 F.3d at 1281. "The burden is on the party resisting the enforcement of a forum selection clause to establish fraud or inequitable conduct sufficient to bar enforcement of the clause." *Cornett v. Carrithers*, 465 F. App'x 841, 843 (11th Cir. 2012).

If a valid forum-selection clause exists, the court must apply a modified § 1404(a) analysis to determine if there is a reason not to transfer the case to the chosen forum. Traditionally, courts in the Eleventh Circuit consider the following factors under § 1404(a):

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Kelling v. Hartford Life & Accident Ins.*, 961 F. Supp. 2d 1216, 1218 (M.D. Fla. 2013) (quoting *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005)). However, where a valid forum-selection clause exists, the traditional analysis is altered in three ways. "First, the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Atl. Marine*, 571 U.S. at 63.

"Second, a court evaluating a defendant's § 1404(a) motion to transfer . . . should not consider arguments about the parties' private interests." *Id.* at 64. "Instead, a court considers only arguments about public-interest factors which rarely will be sufficient to defeat a motion to transfer to the agreed upon forum." *Cableview Commc'ns of Jacksonville, Inc. v. Time Warner Cable Se. LLC*, No. 3:13-cv-306-J, 2014 WL 1268584, at *21 (M.D. Fla. Mar. 27, 2014). Finally, "a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Id.* at 64–65.

### B. Failure to State a Claim

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

### A. Motion to Transfer Venue

Erhinyo argues that he is not bound by Google's forum-selection clause because Google fails to show that he assented to its Terms. The Court agrees. Again, "when the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case." *Atl. Marine*, 571 U.S. at 62. However, that "presupposes a

contractually valid forum-selection clause," which presupposes that the parties have mutually assented to the underlying contract. *Id.* at 62 n.5. Here, Google argues that, pursuant to its Terms effective January 5, 2022, Erhinyo agreed to the Terms by creating a Google account and by using Google Drive. But Google provides no evidence of when Erhinyo created his account or began using Google Drive. *See McCarthy v. Meta Platforms, Inc.*, No. 24-14322-CIV, 2025 WL 3755430, at *2 (S.D. Fla. Jan. 27, 2025) ("By completing the sign-up process, users are required to affirmatively agree to the Terms—which Plaintiff did when he registered for Facebook in 2022." (internal citations omitted)); *Mishiyev v. Youtube, LLC*, No. 8:24-cv-2675, 2024 WL 4932773, at *2 (M.D. Fla. Dec. 2, 2024) ("Ms. Small states that YouTube's records show Plaintiff agreed to the Terms of Service when he signed up for YouTube's services in 2006."). Accordingly, no evidence indicates which version of Google's Terms were then in effect, whether that version included the forum-selection clause Google seeks to enforce, or whether—and if so, which—updates to those Terms were reasonably communicated to Erhinyo. *See Krenkel*, 579 F.3d at 1281 ("In determining whether there was fraud or overreaching in a non-negotiated forum-selection clause, we look to whether the clause was reasonably communicated to the consumer."). Nor does Erhinyo allege that he consented to Google's forum selection clause by agreeing to its Terms or performing his obligations arising thereunder. *Cf. Williams v. X Corp.*, No. CV 1:25-00058, 2025 WL 2801626, at *3 (S.D. Ala. Oct. 1, 2025); *Muniz v. Fenix Int'l Ltd.*, No. 1:20-cv-03200, 2021 WL 3417581, at *1 (N.D. Ga. June 28, 2021). Indeed, as currently pleaded, none of Erhinyo's claims are premised upon the existence of contractual obligations between the parties.

Plaintiff may "bear[] the burden of establishing that transfer to the forum *for which the parties bargained* is unwarranted." *Atl. Marine*, 571 U.S. at 63 (emphasis added). Here, however, Google fails in the first instance to establish that the parties bargained for its preferred forum. As movant, Google therefore "bears the burden of establishing that the suggested alternate forum is more convenient" under the traditional § 1404(a) factors. *Kelling*, 961 F. Supp. 2d at 1218. Because Google relies exclusively on *Atlantic Marine*'s modified § 1404(a) analysis, it fails to adequately address the parties' private interests and the weight accorded to Erhinyo's choice of forum. Google's Motion to Transfer Venue will therefore be denied without prejudice. Should Erhinyo elect to file an amended pleading that corrects the deficiencies discussed below, Google may file a renewed motion to transfer venue.

**B. Failure to State a Claim**

Before arguing that the Amended Complaint should be dismissed for failure to state a claim, Google briefly argues that Erhinyo lacks Article III standing because he is not the "owner" of his alleged trade secrets as required by 18 U.S.C. § 1836(b)(1). Google's standing argument is based on allegations Erhinyo made in his now-stricken initial Complaint, (*see* Doc. 1, ¶¶ 4, 21), and is meritless for at least two reasons. First, "since the absence of a valid . . . cause of action does not implicate subject-matter jurisdiction," whether a litigant sufficiently alleges ownership of trade secrets under the Defend Trade Secrets Act "is not [a question] of standing at all." *Highland Consulting Grp., Inc. v. Minjares*, 74 F.4th 1352, 1359 (11th Cir. 2023) (ellipsis in original) (quotations

omitted).[2] Second, "[a]n amended pleading supersedes the former pleading; 'the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'" *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) (quoting *Proctor & Gamble Def. Corp. v. Bean*, 146 F.2d 598, 601 n.7 (5th Cir. 1945)).[3] Google argues for an exception recognized by *Rubinstein v. Keshet Inter Vivos Trust*, No. 17-61019-Civ, 2018 WL 8899230, at *5 (S.D. Fla. Oct. 17, 2018), stating that "Plaintiff cannot directly contradict facts alleged in his original Complaint to avoid a dispositive defense." (Doc. 24 at 7). But *Rubinstein* cites to two opinions from the United States District Court for the Southern District of New York as authority and is thus unpersuasive in light of *Dresdner Bank*. *See* 463 F.3d at 1215 ("Even if [the] original complaint could be construed to affirm the proposed contract, that pleading was wholly superceded by the amended complaint which proceeded under a different theory."); *see also Seiger ex rel. Seiger v. Philipp*, 735 F. App'x 635, 637 (11th Cir. 2018) ("[T]he Federal Rules do not prohibit contradictory pleadings."). Google's Motion will thus be denied to the extent it seeks dismissal for lack of standing.

*1. Unlawful Access Under the Stored Communications Act*

18 U.S.C. § 2701(a) makes it unlawful to either "intentionally access[] without authorization a facility through which an electronic communication service is provided" or "intentionally exceed[] an authorization to access that facility." Erhinyo alleges that

---

[2] Additionally, even if § 1836 somehow abrogated Article III with respect to Erhinyo's misappropriation claim, Google fails to explain why Erhinyo's ownership status would affect his standing to assert the Amended Complaint's remaining claims.

[3] Decisions of the Fifth Circuit issued on or before September 30, 1981, are binding upon the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

"Google is a provider of electronic communication," that it "maintained [his] Drive as a facility providing those services," and that it "intentionally exceeded [its] authorization . . . by permanently deleting" his stored folder "without valid court authorization." (Doc. 8, ¶¶ 22–23).

Google argues that it is exempt from liability under § 2701(c)(1), which provides that subsection (a) does not apply to conduct authorized "by the person or entity providing a wire or electronic communications service." Relying on *Vista Marketing, LLC v. Burkett*, 812 F.3d 954, 964 (11th Cir. 2016), Erhinyo counters that subsection (c)(1) provides an affirmative defense that is not apparent on the face of the Amended Complaint and thus cannot be resolved in Google's favor at the pleading stage. *Vista Marketing*, however, does not even cite to subsection (c)(1) and provides no apparent authority for Erhinyo's position. While statutory exemptions are generally classified as affirmative defenses, and affirmative defenses generally will not support dismissal at the pleading stage, "[c]ourts have consistently held that" § 2701(c)(1) delineates "an element of the offense." *In re Consumer Vehicle Driving Data Tracking Collection*, No. 1:24-md-3115, 2026 WL 1092882, at *22 (N.D. Ga. Apr. 22, 2026) (quoting *CreditMax Holdings, LLC v. Kass*, No. 11-81056-CIV, 2013 WL 12080227, at *2 (S.D. Fla. Jan. 25, 2013)). In other words, while stating a claim under § 2701(a) requires allegations of unauthorized access, authorization can be granted by the provider of the electronic communications service being accessed. Because plaintiffs face obvious difficulty in plausibly alleging that a provider failed to authorize its own access, courts routinely rely on § 2701(c)(1) to dismiss § 2701(a) claims brought against communications service providers. *See Mohamad v. Cent. Fla. Tax & Acct., Inc.*, No. 6:24-cv-2354, 2025 WL 2695116, at *7 (M.D. Fla. Sept. 22, 2025);

*Sargeant v. Maroil Trading Inc.*, No. 17-81070-CIV, 2018 WL 3031841, at *13–14 (S.D. Fla. May 30, 2018). Erhinyo faces the same difficulty here. While he alleges that Google exceeded its authorization by accessing his Google Drive folder, his allegation is conclusory and implausible given that Google "plainly authorized actions that it took itself." *In re Google, Inc. Priv. Pol'y Litig.*, No. C-12-01382, 2013 WL 6248499, at *12 (N.D. Cal. Dec. 3, 2013). Count I will be dismissed accordingly.

*2. Misappropriation Under the Defend Trade Secrets Act*

"To plausibly allege a claim under the [DTSA], the plaintiff must adequately plead three elements: (1) the plaintiff owns a valid trade secret; (2) the trade secret relates to a product or service used in, or intended for use in, interstate commerce; and (3) the defendant misappropriated that trade secret." *It Works Mktg., Inc. v. Melaleuca, Inc.*, No. 8:20-cv-1743-T, 2021 WL 1650266, at *7 (M.D. Fla. Apr. 27, 2021).

Google argues that Erhinyo fails to allege the existence of a valid trade secret as well as misappropriation. The DTSA defines trade secrets as "all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes" that derive "independent economic value" from not being generally known or readily ascertainable, and which "the owner thereof has taken reasonable measures to keep . . . secret." 18 U.S.C. § 1839(3). "With respect to the nature of the purported trade secrets, a plaintiff need only allege sufficient facts to plausibly indicate that a trade secret was involved and to give the defendant notice of the material that the plaintiff claims constitutes a trade secret." *WWMAP, LLC v. Birth Your Way Midwifery*, 711 F. Supp. 3d 1313, 1319 (N.D. Fla. 2024).

Here, Erhinyo alleges that "[t]he designs, plans, and technical information contained in [his] Google Drive folder . . . constituted trade secrets as defined in 18 U.S.C. § 1839(3)." (Doc. 8, ¶ 28). This conclusory allegation falls short of the forgiving pleading standard. "[T]he complaint need not spell out the details of the trade secret," but it "must describe the subject matter of the trade secret with sufficient particularity to [distinguish it] from matters of general knowledge in the trade." *ProV Int'l Inc. v. Lucca*, No. 8:19-cv-978-T, 2019 WL 5578880, at *3 (M.D. Fla. Oct. 29, 2019) (quotations omitted). By vaguely alleging that designs, plans, and technical information related to an otherwise undescribed "prototype" constitute trade secrets, (Doc. 8, ¶ 14), Erhinyo fails to distinguish his alleged trade secrets from matters of general knowledge and "neither notifies [Google] about the [information] allegedly misappropriated nor demonstrates that the [information] constitute[s] a trade secret." *ProV Int'l*, 2019 WL 5578880, at *3. Nor do Erhinyo's allegations plausibly suggest that whatever alleged trade secret he stored on Google Drive derived independent economic value from its secrecy. While the Amended Complaint describes Erhinyo's Google Drive folder as containing "core intellectual property for a breakthrough prototype, the most valuable asset of [his] privately developed work," (Doc. 8, ¶ 2), this conclusory allegation would remain insufficient even if it had been incorporated into Count II.

Erhinyo also fails to plausibly allege misappropriation. "[M]isappropriation occurs when: (1) a person acquires the trade secret while knowing or having reason to know that he or she is doing so by improper means; (2) a person who has acquired or derived knowledge of the trade secret discloses it without the owner's consent; or (3) when a person who has acquired or derived knowledge of the trade secret uses it without the

owner's consent." *TB Food USA, LLC v. Am. Mariculture, Inc.*, No. 2:17-cv-9-FtM, 2021 WL 4690691, at *2 (M.D. Fla. Oct. 7, 2021) (quotation omitted). Thus, the DTSA contemplates liability for misappropriation through either acquisition, disclosure, or use. *Id.*; *see also Fla. Beauty Flora Inc. v. Pro Intermodal L.L.C.*, No. 20-20966-CIV, 2021 WL 1945821, at *4 (S.D. Fla. May 14, 2021).

Seemingly, Erhinyo alleges misappropriation by acquisition. (*See* Doc. 8, ¶ 30 (alleging that "Google acquired . . . [Erhinyo's] trade secrets by accessing them without authorization and interfering with [his] ability to use them, destroying their commercial value")). To be liable under this theory, Google must have known or had a reason to know that it "acquired [the trade secret] by improper means." 18 U.S.C. § 1839(5)(A). Improper means include "theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage" but not "reverse engineering, independent derivation, or any other lawful means of acquisition." *Id.* § 1839(6)(A)–(B). Erhinyo fails to allege any improper means by which Google acquired his files, and his conclusory assertion that Google accessed the files without his authorization fails to state a plausible claim of misappropriation by acquisition. *See Flexpand, LLC v. CREAM, Inc.*, No. C 19-0878, 2020 WL 13504975, at *7 (N.D. Cal. Sept. 9, 2020). Erhinyo's sole rebuttal—that "the relevant logs and internal records are in Google's exclusive possession"—is irrelevant. (Doc. 27 at 6). Contrary to Erhinyo's apparent suggestion, Google's alleged possession of the relevant records does not alter the pleading standard. Count II will be dismissed accordingly.

*3. Conversion and Negligence*

Google argues that Erhinyo's common law claims are preempted regardless of whether California or Florida law is applied.[4] The Florida Uniform Trade Secrets Act ("**FUTSA**") "displace[s] conflicting tort, restitutory, and other [Florida laws] providing civil remedies for misappropriation of a trade secret." Fla. Stat. § 688.008(1). "Thus, as a general proposition[,] other torts involving the same underlying factual allegations as a claim for trade secret misappropriation will be preempted by FUTSA." *New Lenox Indus., Inc. v. Fenton*, 510 F. Supp. 2d 893, 908 (M.D. Fla. 2007); *see also Developmental Techs., LLC v. Valmont Indus., Inc.*, No. 8:14-cv-2796, 2016 WL 7320908, at *4 (M.D. Fla. July 18, 2016) (collecting cases); *Mortg. Now, Inc. v. Stone*, No. 3:09cv80, 2009 WL 4262877, at *8 (N.D. Fla. Nov. 24, 2009) (finding civil theft claim preempted by FUTSA despite plaintiff's failure to sufficiently plead a trade secret).

Likewise, the California Uniform Trade Secrets Act ("**CUTSA**") "preempts common law claims that are 'based on the same nucleus of facts as the misappropriation of trade secrets claim for relief.'" *K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 90 Cal. Rptr. 3d 247, 261 (Cal. Dist. Ct. App. 2009) (quoting *Digit. Envoy, Inc. v. Google, Inc.*, 370 F. Supp. 2d 1025, 1035 (N.D. Cal. 2005)). "To survive preemption, [plaintiffs] must allege wrongdoing that is materially distinct from the wrongdoing alleged in a CUTSA claim." *Prostar Wireless Grp., LLC v. Domino's Pizza, Inc.*, 360 F. Supp. 3d 994, 1006 (N.D. Cal. 2018) (quotation omitted). Plaintiffs cannot avoid the preclusive effect of

[4] The Court declines to address Google's other arguments for dismissal of Erhinyo's state claims because they depend upon Erhinyo assenting to Google's Terms of Service.

CUTSA by failing to allege a claim thereunder. *See SunPower Corp. v. SolarCity Corp.*, No. 12-CV-00694, 2012 WL 6160472, at *5 (N.D. Cal. Dec. 11, 2012).

Erhinyo's common law claims cannot survive under either standard, as the same factual allegations form the foundation of all four of his pleaded claims. (*See* Doc. 8, ¶¶ 5–7, 12–17, 21, 23, 27, 30, 33, 35, 37, 39). Additionally, Erhinyo's common law claims are not clearly pleaded upon the alternative theory that his Google Drive folder did not, in fact, contain trade secrets. *See Weaver v. Mateer & Harbert, P.A.*, No. 5:09-cv-514-Oc, 2012 WL 3065362, at *11 (M.D. Fla. July 27, 2012) ("Plaintiff may be entitled to plead in the alternative, [but] that is not what Plaintiff has done in this case.").

The Amended Complaint fails to state a claim and will therefore be dismissed. However, Google's request for dismissal with prejudice is premature at this juncture. *See Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). The Court also notes that all future filings must comply with the Local Rules and the Court's January 13, 2021 and April 2, 2026 Standing Orders.

## IV. CONCLUSION

For the reasons stated herein, it is **ORDERED** and **ADJUDGED** as follows:

1. Google's Motion to Transfer Venue (Doc. 15) is **DENIED without prejudice**.
2. Google's Motion to Dismiss (Doc. 24) is **GRANTED** to the extent provided herein.
3. The Amended Complaint (Doc. 8) is **DISMISSED without prejudice**.

4. Erhinyo may file an amended pleading on or before **September 4, 2026**. Failure to timely file an amended pleading will likely result in this action being dismissed with prejudice.

**DONE AND ORDERED** in Jacksonville, Florida on August 24, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party